## Issac H. Kreider v. Lancaster, Elizabethtown and Middletown Turnpike Co., Appellant.

*Negligence — Turnpike—Evidence—Contributory negligence—Presumption.*

In an action against a turnpike road company to recover damages for personal injuries, it is proper to submit the case to the jury where there is evidence that plaintiff, on a dark night while traveling on defendant's road, drove over an embankment in the road at a point where a summer road was depressed from two to four feet below the level of the macadamized portion of the turnpike.

Argued May 14, 1894.    Appeal, No. 42, Jan. T., 1894, by defendant, from judgment of C. P. Lancaster Co., March T., 1892, No. 112, on verdict for plaintiff.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before LIVINGSTON, P. J.

At the trial it appeared that, on the night of Dec. 3, 1891, plaintiff, while traveling along defendant's turnpike in a buggy, drove over an embankment in the road at a point where a summer road was depressed along the side of the macadamized portion of the turnpike.   The height of the embankment was variously estimated at from two and one half to four feet. · The night of the accident was in the dark of the moon but the stars were shining.   Plaintiff in describing the accident testified : "The wheel just seemed to me as if it was going in a deep rut on the left hand side. . . . When I first got in, it seemed as if I was in a deep rut; when I got a little piece on, if I had pulled the right line there I could have stayed on the pike." Several witnesses testified that the road was dangerous at the point where the accident occurred.   Plaintiff was not familiar with the road.

The court charged in part as follows :

" [But where a man finds himself suddenly placed in a dangerous position by the negligence of another, without his fault, and in order to extricate himself from such danger, not having time to deliberate and judge the best way of so doing, happens to select a method of doing so which was not the best, and which, if he had time to consider, he might not have taken, the

law would not impute to him contributory negligence so read-
ily as if he had time to choose with judgment. All that it re-
quires of him is to do as a prudent man would do under the
circumstances. Did this man in endeavoring to extricate him-
self from this danger do as a careful, prudent man should have
done under the circumstances? This is for your consideration
and for you to say. You or I might not have done as he did.
It is hard to tell what a prudent man in his situation would
have done. The presumption is that the injured party did do
what a prudent man would have done under the circumstances
in which he found himself placed; and in those courts which
do not require plaintiffs to prove by affirmative evidence as
part of his case, that he was free from fault, the absence of
negligence on his part may be inferred from the love of life or
the instincts of self-preservation and the known disposition of
men to avoid injury to themselves.] " [8]

Defendant's request for binding instruction was refused. [7]
Verdict and judgment for plaintiff for $558.

*Errors assigned* were (7. 8) instructions, quoting them.

*Edward P. Brinton*, *A. F. Hostetter* and *George Nauman*
with him, for appellant, cited: Plymouth Twp. v. Graver, 125
Pa. 37; Jackson Twp. v. Wagner, 127 Pa. 197; Worrilow v.
Upper Chichester Twp., 149 Pa. 45; Herr v. Lebanon, 149 Pa.
222; Monongahela City v. Fischer, 111 Pa. 9.

*A. S. Johns* and *H. M. North*, for appellee, cited: Lower Ma-
cungie Twp. v. Merkhoffer, 71 Pa. 276; Burrell Twp. v. Un-
capher, 117 Pa. 353; Plymouth Twp. v. Graver, 125 Pa. 24;
Newlin Twp. v. Davis, 77 Pa. 317; Corbalis v. Newberry Twp.,
132 Pa. 9; Merriman v. Phillipsburg Borough, 158 Pa. 78;
Elliott on Roads and Streets, 78.

PER CURIAM, July 11, 1894:

This case involved questions of fact which were for the ex-
clusive determination of the jury; and to them it was fairly
submitted with instructions that were fully adequate and at
the same time free from substantial error.

There was an abundance of testimony to warrant the jury in

finding, as they evidently did, that the turnpike company neglected to keep its road in a reasonably safe condition for travel, and as one of the results of that negligence plaintiff sustained the injuries of which he complains. In view of the evidence, it would have been impossible for them to have found otherwise. There is nothing in either of the specifications of error that would justify us in disturbing the verdict.

Judgment affirmed.